IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID H. TOBEY, #2208-037            :

    Petitioner                                      :

    v.                                                    :            CIVIL ACTION NO.  DKC-07-0130

UNITED STATES                               :

    Respondent                                  :

                                                           :
oo000oo

**MEMORANDUM**

Pending review is correspondence from David Tobey, an inmate confined at the Federal Correctional Institution in Fairton, New Jersey, questioning Bureau of Prison Documents that identify him as "Sex Offender- Violent Felony, "[1]  Correspondence, p. 1.  Tobey alleges the designation is incorrect and based on "misinformation" that was "fabricated" by the Maryland State Parole Commission and is contained in his pre-sentence report. *See id.*  Tobey contends that he may denied acceptance to a half-way house or sent to a sex offender pre-release program in a different region based on this purportedly improper designation.  The correspondence, construed pursuant to 28 U.S.C. § 2241 will be dismissed without prejudice.  Although Tobey has failed to pay the filing fee or provide a financial affidavit, the court will grant him leave to proceed in forma pauperis for the purpose of preliminary review.

The validity of Tobey's federal criminal conviction is not at issue here.[2]  In his

---

[1] Tobey pleaded guilty to unlicensed dealing in firearms in violation of 18 U.S.C. § 922(a)(1)(A).  On May 13, 2003, the Court sentenced him to sixty months imprisonment and three years of supervised release. *See United States v. Tobey*, Criminal Action No. DKC-03-151 (D. Md.).

[2] Tobey also has pending before this court a 28 U.S.C. § 2255 petition. *See Tobey v. United States*, Civil Action No. 04-1168 (D. Md).  A § 2255 petition challenges the validity of a conviction or sentence. *See In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); *In re Vial*, 115 F.3d

correspondence, Tobey challenges the manner in which he expects his sentence to be executed.[3] For this reason, the correspondence is more properly construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

In a § 2241 action, the petition must be filed in the district court where petitioner is in custody. *See* 28 U.S.C. § 2241(a); *Braden v. 30th Judicial Circuit*, 410 U.S. 484, 495-500 (1973); *United States v. Miller*, 871 F. 2d 488, 490 (4th Cir. 1989). Although Tobey is challenging alleged "misinformation" provided by the Maryland State Parole Commission, he is confined in New Jersey and questions the use of this information by the Bureau of Prisons. In this case, Petitioner is in the custody of the warden at the federal correctional facility at F.C.I. Fairton. That facility is located within the jurisdiction of the United States District Court for the District of New Jersey. For this reason, the case will be dismissed without prejudice.[4] A separate Order follows.

| | |
|---|---|
| 1/31/2007 | /s/ |
| Date | DEBORAH K. CHASANOW<br>United States District Judge |

---

1192, 1194 n. 5 (4th Cir. 1997) (*en banc*). Section 2255 petitions must be brought in the court which imposed the sentence. *See* 28 U.S.C. § 2255.

[3] Arguably, the petition is premature as it appears from the pleading that no decision has been made regarding Tobey's half-way house placement. For reasons apparent herein, the court does not reach this question.

[4] It does not appear Tobey has exhausted available administrative remedies through the Bureau of Prisons. It is well-settled that the administrative remedy process must be exhausted before an inmate may challenge the execution of his sentence in federal court. Tobey may also want to investigate available state remedies in regard to the Maryland State Parole Commission.